CT Corporation

# Service of Process Transmittal

10/18/2018
CT Log Number 534253959

**TO:** Gregg Formella, Labor & Employment Counsel
PLH Group, Inc.
400 Las Colinas Blvd E Ste 800
Irving, TX 75039-5567

**RE:** **Process Served in California**

**FOR:** Edison Power Constructors, Inc. (Domestic State: AZ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PABLO IvIENDOZA, ETC., PLTF. vs. EDISON POWER CONSTRUCTORS, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet(s), Notice, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # BC723472 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 10/15/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/18/2018 at 15:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Allen V. Feghali<br>MOON & YANG, APC<br>1055W. 7th St., Suite 1880<br>Los Angeles, CA 90017<br>213-232-3128 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/19/2018, Expected Purge Date: 10/24/2018<br><br>Image SOP<br><br>Email Notification, Gregg Formella gformella@plhgroupinc.com<br><br>Email Notification, HEATHER DILLARD hdillard@plhgroupinc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

SEP 27 2018

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

EDISON POWER CONSTRUCTORS, INC., an Arizona Corporation; CLIFF CORNELL, an individual; and DOES 1 through 25, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

PABLO MENDOZA, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(*El nombre y dirección de la corte es*): Superior Court of Los Angeles
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER:
(*Número del Caso*):
BC723472

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es*):
Seung Yang, MOON & YANG, APC 1055 W. Seventh St., Ste. 1880 Los Angeles, CA 90017 (213) 232-3128

DATE: SEP 27 2018 SHERRI R. CARTER Clerk, by CRISTINA GRIJALVA, Deputy
(*Fecha*) (*Secretario*) (*Adjunto*)

(*For proof of service of this summons, use Proof of Service of Summons (form POS-010).*)
(*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (*specify*):
3. ☒ on behalf of (*specify*): Edison Power Constructors, Inc., an Arizona Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (*specify*):
4. ☐ by personal delivery on (*date*):

Seung Yang [SBN 249857]
Allen V. Feghali [SBN 301080]
MOON & YANG, APC
1055 W. 7th St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
E-mail: seung.yang@moonyanglaw.com
E-mail: allen.feghali@moonyanglaw.com

Attorneys for Plaintiff
Pablo Mendoza

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
SEP 27 2018
Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE

PABLO MENDOZA, an individual;

Plaintiff,

vs.

EDISON POWER CONSTRUCTORS, INC., an Arizona Corporation; CLIFF CORNELL, an individual; and DOES 1 through 25, inclusive,

Defendants.

Case No.: BC 7 2 3 4 7 2

COMPLAINT FOR DAMAGES FOR:

1. DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;
2. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;
3. FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;
4. HARASSMENT IN VIOLATION OF FEHA;
5. RETALIATION IN VIOLATION OF FEHA;
6. FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND/OR RETALIATION;
7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
8. FAILURE TO PAY WAGES AND OVERTIME COMPENSATION
9. FAILURE TO PROVIDE MEAL PERIODS;
10. FAILURE TO PROVIDE REST PERIODS;
11. FAILURE TO PROVIDE AND MAINTAIN ACCURATE WAGE STATEMENTS AND RECORDS

12. WAITING TIME PENALTIES;
13. UNFAIR BUSINESS PRACTICES

[DEMAND FOR JURY TRIAL]

Plaintiff Pablo Mendoza for his Complaint against Defendants Edison Power Cons, Inc., Cliff Cornell, and DOES 1 through 25 (herein collectively referred to as "Defendants"), and each of them, complains and alleges as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff Pablo Mendoza ("Plaintiff") is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges that Defendant Edison Power Constructors, Inc. (hereinafter "EPC") is, and at all times material hereto was aan Arizona corporation with its primary place of business in the State of Arizona, and doing business in Los Angeles County, California.

3. Plaintiff is further informed and believes that Defendant Cliff Cornell ("CORNELL") is, and at all relevant times herein was, an individual residing in the County of Los Angeles, State of California. On further information and belief, at all times relevant herein, CORNELL was an employee of EPC who acted in a supervising capacity over Plaintiff. At all times herein mentioned, CORNELL was an authorized representative of EPC and DOES 1 through 25, and acted in the capacity of Plaintiff's supervisor.

4. The true names or capacities of the defendants DOES 1 through 25, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff therefore sues said defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the

DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification of each of the other co-Defendants, whether said authority was actual or apparent. "Defendants", as used hereinbelow, means each and all of the Defendants, unless the context requires otherwise.

6. Plaintiff was employed by EPC and DOES 1-25 as a non-exempt employee, specifically as a Journey Lineman. Plaintiff was employed by Defendants from approximately 2016, working at the hourly rate of $54/hr., until he was wrongfully terminated on or about October 15, 2017.

7. While employed by EPC and DOES 1-25, Plaintiff was scheduled to receive a promotion; however, immediately before receiving that promotion, Plaintiff suffered an injury when he fell off a ladder. Defendants denied Plaintiff medical care and insisted that he continue working.

8. Soon after Plaintiff informed EPC of his work restrictions, EPC, through CORNELL, immediately began harassing and retaliating against Plaintiff by among other things: circulating a document asking Plaintiff's coworkers to state that Plaintiff had been reckless when he injured himself, telling Plaintiff's supervisors to fabricate reprimands as a result of Plaintiff's injury, telling Plaintiff to quit because nobody was going to take care of him like a baby because of his restrictions, and using profanity while referring to Plaintiff and asking why Plaintiff was still employed. On information and belief, EPC and CORNELL harassed Plaintiff in this manner in order to try to make him quit. In addition to the foregoing, Plaintiff was required to continue working while injured.

9. On or about October 15, 2017, after discriminating against, harassing and retaliating against Plaintiff for months and seeing that Plaintiff was not voluntarily quitting his job, EPC terminated Plaintiff, informing him that it was no longer going to pay him while he had work restrictions. As a result of the termination, Plaintiff also did not receive his previously scheduled promotion.

10. Defendants failed to go through a good faith interactive process with Plaintiff to determine effective reasonable accommodations before terminating him.

11. Defendants also failed to accommodate Plaintiff's physical disability or perceived physical disability, and instead terminated him.

12. Plaintiff suffered from a medical condition as defined by the Fair Employment and Housing Act ("FEHA"). More specifically, Plaintiff was disabled by an injury to his leg and other parts of his body following a fall from a ladder, which interfered with his major life activities, including but not limited to walking, running, sitting, jumping or squatting, engaging in social activities, and working. Plaintiff was a qualified individual with a disability because he was a disabled individual who could either with or without reasonable accommodations perform the essential functions of his job, or alternatively another job he was qualified for and desired. Plaintiff is accordingly entitled to the protections of FEHA.

13. Alternatively, Plaintiff was perceived by Defendants as being physically disabled within the meaning of FEHA.

14. Prior to filing this complaint, Plaintiff fulfilled any legal requirement and/or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing, (hereinafter "DFEH"), and has received a Right to Sue letter from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

15. At all applicable times mentioned in this Complaint, Defendants regularly employed five or more persons in California bringing Defendants subject to the provisions of FEHA.

16. During his employment with Defendants, Plaintiff worked in excess of eight hours a day and/or 40 hours a week. Despite working in excess of eight hours a day and/or 40 hours a week, Plaintiff was not paid overtime premiums.

17. During his employment for Defendants, Plaintiff was not provided with, or authorized to take, or was unable to take due to his schedule or because Defendants insisted Plaintiff return to work, all the requisite meal breaks, specifically 30 minutes of uninterrupted meal breaks for every 5 hours worked.

18. During his employment for Defendants, Plaintiff was not provided with, or authorized to take, or was unable to take due to his schedule, all the requisite rest breaks, specifically 10 minutes of uninterrupted rest breaks for every 4 hours worked.

19. Upon Plaintiff's termination, Defendants failed to pay all wages owed to Plaintiff.

20. Defendants, and each of them, violated and continue to violate, and maintained illegal work policies and/or practices in violation of California state wage and hour laws, including Labor Code §§ 201, 202, 203, 204, 226.7, 510, and 512 and Industrial Welfare Commission Wage Order Nos. 4-2001, §§ 11(A) and 12(A), 15-2001, and 8 Cal. Code Reg. § 11040. Plaintiffs are also entitled to attorneys' fees and costs pursuant to Cal. Code Civ. Proc. §1021.5 and Cal. Labor Code §§ 218.5 and 1194.

21. From the relevant times mentioned hereinabove, Defendants encouraged, permitted, and or required Plaintiff to perform her work in violation of California labor laws, as set forth herein. During the relevant period, Plaintiff is and was covered by the following California labor laws, which laws Defendants, and each of them violated with their policies and practices: (i) multiple provisions of California's wage-and-hour laws including, but not limited to, Labor Code §§ 201, 203, 204, 226(a), 226.7, 512, 1174(d); (ii) the Unfair Competition Law

codified in California Business and Professions Code § 17200, et seq.; and/or (iii) Industrial Welfare Commission Wage Order 4-2001, which is incorporated into 8 Cal. Code Reg. § 11040.

22. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

23. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## FIRST CAUSE OF ACTION

**(Disability Discrimination in Violation of FEHA – Against EPC and DOES 1 through 25)**

24. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

25. FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

26. Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff from his position on the basis of his disability, failing to engage in the interactive process to determine if Plaintiff could be given a reasonable accommodation, failing to provide Plaintiff with a reasonable accommodation, and failing to enter into the interactive process with Plaintiff in a meaningful way, Defendants violated FEHA.

27. Plaintiff is informed and believes and thereon alleges, that his disability was a motivating factor in his termination, and other discrimination against him, in violation of Government Code §12940(a)(m) and (n).

28. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

29. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

30. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

31. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

32. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his disability, thereby entitling Plaintiff to punitive damages.

**SECOND CAUSE OF ACTION**

**(Failure to Engage in Good Faith Interactive Process in Violation of FEHA – Against EPC and DOES 1 through 25)**

33. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

34. Plaintiff was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

35. Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

36. Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to accommodate Plaintiff, and by instead terminating him.

37. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

38. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

39. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

40. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

41. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his disability, thereby entitling Plaintiff to punitive damages.

**THIRD CAUSE OF ACTION**

**(Failure to Accommodate in Violation of FEHA – Against EPC and DOES 1 through 25)**

42. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

43. Plaintiff was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

44. Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities. The employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

45. Plaintiff is informed and believes and thereon alleges that Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff's disability or perceived disability, by amongst other things, refusing to accommodate Plaintiff, by not advising him of other open job opportunities that he was qualified to perform, and by instead terminating him.

46. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

47. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

48. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

49. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to his damage in a sum according to proof.

50. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his disability, thereby entitling Plaintiff to punitive damages.

FOURTH CAUSE OF ACTION

(Harassment in Violation of FEHA – Against All Defendants)

51. Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

52. The above-referenced conduct of CORNELL created an intimidating, hostile and offensive work environment for Plaintiff. The above-referenced conduct by CORNELL was unconsented to, was based on Plaintiff's actual and/or perceived disability and violated Government Code § 12940(j) and other provisions of FEHA.

53. On information and belief, Defendants EPC and DOES 1 through 25 are strictly liable for said conduct by CORNELL because CORNELL was acting as a supervisor of EPC and DOES 1 through 25.

54. Alternatively, EPC and DOES 1 through 25's are liable for CORNELL's conduct because they knew, or should have known, of the harassment and failed to take immediate and appropriate corrective action. Said conduct violated Government Codes § 12940(j) and other provisions of FEHA.

55. EPC and DOES 1 through 25 are also independently liable because they failed to take reasonable steps necessary to prevent discrimination and harassment from occurring. Such conduct violates Government Code § 12940(k) and other provisions of FEHA.

56. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

57. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

58. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

59. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

60. The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants harassed Plaintiff because of his disability, thereby entitling Plaintiff to punitive damages.

FIFTH CAUSE OF ACTION

(Retaliation in Violation of FEHA – Against EPC and DOES 1 through 25)

61. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

62. Plaintiff was subjected to adverse employment actions including, but not limited to, failure to promote and termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for exercising his rights. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

63. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

64. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

65. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

66. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to his damage in a sum according to proof.

67. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his disability and/or for engaging in legally protected activity as described above, thereby entitling Plaintiff to punitive damages.

## SIXTH CAUSE OF ACTION

(Failure To Take All Reasonable Steps To Prevent Discrimination and/or Retaliation In Violation of FEHA – Against EPC and DOES 1 through 25)

68. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

69. Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination and retaliation to which Plaintiff was subjected in violation of California Government Code § 12940(k).

70. The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

71. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

72. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

73. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

74. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to his damage in a sum according to proof.

75. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his disability and/or for seeking reasonable accommodations for his disability, thereby entitling Plaintiff to punitive damages.

**<u>SEVENTH CAUSE OF ACTION</u>**

**(Wrongful Termination in Violation of Public Policy – Against EPC and DOES 1 through 25)**

76. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

77. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, terminated Plaintiff because of his disability and/or because he took medical leave.

78. Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 *et. seq.* and Article 1, Section 8 of the California Constitution.

79. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

80. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

81. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

82. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to his damage in a sum according to proof.

83. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his disability, thereby entitling Plaintiff to punitive damages.

## EIGHTH CAUSE OF ACTION

**(Failure to Pay Wages and Overtime Compensation – Against EPC and DOES 1 through 25)**

84. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

85. During Plaintiff's employment, Defendants failed to pay all wages, including overtime compensation owed to Plaintiffs.

86. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code.

Industrial Welfare And Commission Order No. 15-2001 and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

87. As a result of the unlawful acts of Defendants, Plaintiff had been deprived of wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under California Labor Code Sections 1194, 218.5 and 218.6.

NINTH CAUSE OF ACTION

(Failure to Provide Meal Periods – Against EPC and DOES 1 through 25)

88. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

89. Section 512 of the California Labor Code and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

90. By their failure to permit and authorize Plaintiff to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

91. As a direct and proximate result of the unlawful acts of Defendants, and each of them, Plaintiff has been deprived of compensation for the time they worked during legally-mandated breaks, plus interest thereon, attorneys' fees, and costs, under Sections 1194, 218.5 and 218.6 of the California Labor Code, as well as premium pay of one hour's pay under Section 226.7 of the California Labor Code and Sections 11 and 12 of the applicable Wage Orders for each day when they were denied such meal or rest periods.

92. Accordingly, Plaintiff respectfully requests that the Court award judgment and relief in his favor as described herein, and according to proof at trial, including attorneys fees as permitted by statute.

TENTH CAUSE OF ACTION

(Failure to Provide Rest Periods – Against EPC and DOES 1 through 25)

93. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

94. Section 512 of the California Labor Code and Section 12 of the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

95. By their failure to permit and authorize Plaintiff to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

96. As a direct and proximate result of the unlawful acts of Defendants, and each of them, Plaintiff has been deprived of compensation for the time they worked during legally-mandated breaks, plus interest thereon, attorneys' fees, and costs, under Sections 1194, 218.5 and 218.6 of the California Labor Code, as well as premium pay of one hour's pay under Section 226.7 of the California Labor Code and Sections 11 and 12 of the applicable Wage Orders for each day when they were denied such meal or rest periods.

97. Accordingly, Plaintiff respectfully requests that the Court award judgment and relief in his favor as described herein, and according to proof at trial, including attorneys fees as permitted by statute.

ELEVENTH CAUSE OF ACTION

(Failure to Provide and Maintain Accurate Wage Statements and Records – Against EPC and DOES 1 through 25)

98. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

99. Sections 226 and 1174 of the California Labor Code, and Industrial Welfare And Commission Order No. 15-2001 provide that an employer must maintain records of, *inter alia*, the hours worked daily and the wages paid to their employees and to provide them regularly with accurate itemized statements of the hours worked. It is a violation of the Labor Code to fail to do so. In fact, Defendants failed to provide Plaintiff with accurate itemized wage statements during her employment.

100. As alleged above, Plaintiff is entitled to have Defendants maintain records of her hours and provide her with accurate statements of her hours worked and rate of pay, but Defendants have not done so. Defendants' failure to comply with the law was knowing and intentional, and designed to further their illegal practice of denying wages to Plaintiff.

101. Defendants' unlawful failure to maintain the requisite records and to provide the mandated statements has injured and will continue to injure Plaintiff in that it makes it more difficult to prove the precise number of hours she worked. Plaintiff is entitled under section 226(e) of the California Labor Code to recover actual damages, or in the alternative, $50 for the initial pay period and $100 for each subsequent pay period in which inadequate records were maintained up to the total of $4,000 per employee.

TWELFTH CAUSE OF ACTION

**(Waiting Time Penalties – Against EPC and DOES 1 through 25)**

102. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

103. Pursuant to California Labor Code §§ 201 and 202, Defendants were required to pay Plaintiff all earned wages, salaries, and monies owed upon termination. At the time of

Plaintiff's respective termination dates, Plaintiff had unpaid wages, salaries and monies owed. In violation of California Labor Code § 201, Defendants willfully failed and refused to pay Plaintiff any of the amount of monies due and owing, the exact amount to be proven at the time of trial, but in excess of the minimum jurisdiction of this Court.

104. Defendants' failure to pay Plaintiff her wages due and owing was willful and knowingly.

105. Defendants' willful failure to pay Plaintiff the past compensation owed constitutes violations of California Labor Code §§ 201, 202 and 203, which provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due at termination.

106. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff is also entitled to an award of reasonable attorneys' fees, interest at the legal rate of 10%, expenses, and costs incurred in this action.

**THIRTEENTH CAUSE OF ACTION**

**(Unfair Business Practices – Against EPC and DOES 1 through 25)**

107. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

108. Defendants' failure to pay legally required minimum wage and/or regular wage compensation to Plaintiff under the Wage Orders and California Labor Code § 203, their failure to permit and authorize Plaintiff to take required meal and rest periods, their failure to pay Plaintiff wages when due, their failure to furnish and maintain proper time records, as alleged above, constitute unlawful activity prohibited by Section 17200 et seq. of the California Business and Professions Code.

109. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff. Defendants shall be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to Section 17203 of the California Business and Professions Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:

FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION

a) For general damages for pain and suffering according to proof;

b) For damages for past and future medical expenses according to proof;

c) For lost wages and other benefits according to proof;

d) For reasonable attorneys' fees in an amount according to proof;

e) For punitive damages in an amount according to proof;

f) For prejudgment interest as provided by law;

g) For civil penalties as provided by law;

h) For costs of suit; and

i) For such other and further relief as the Court may deem proper.

**EIGHTH CAUSE OF ACTION**

a) That Defendants are found to have violated the wage and overtime compensation provision of the applicable Labor Code and the Wage Order as to Plaintiffs;

b) That Defendants' violations as described above are found to have been willful and intentional;

c) An award to Plaintiffs of damages for the amount of unpaid wage compensation, in an amount to be proven at trial;

d) That Plaintiffs be awarded attorney's fees and costs pursuant to sections 218.5 and 194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law.

NINTH CAUSE OF ACTION

e) That Defendants are found to have violated Section 226.7 of the California Labor Code and applicable Wage Orders by failing to permit and authorize Plaintiff to take legally-required meal breaks;

f) That Defendants' violations as described above are found to have been willful and intentional;

g) An award to Plaintiff of, without limitation, one hour's pay for failure to observe meal periods pursuant to Section 226.7 of the California Labor Code and Sections 11 and 12 of the applicable Wage Orders, in an amount to be proven at trial.

h) That Plaintiff be awarded attorney's fees and costs pursuant to sections 218.5 and 194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law.

TENTH CAUSE OF ACTION

a) That Defendants are found to have violated Section 226.7 of the California Labor Code and applicable Wage Orders by failing to permit and authorize Plaintiff to take legally-required rest breaks;

b) That Defendants' violations as described above are found to have been willful and intentional;

c) An award to Plaintiff of, without limitation, one hour's pay for failure to observe rest periods pursuant to Section 226.7 of the California Labor Code and Sections 11 and 12 of the applicable Wage Orders, in an amount to be proven at trial.

d) That Plaintiff be awarded attorney's fees and costs pursuant to sections 218.5 and 194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law

ELEVENTH CAUSE OF ACTION

a) That Defendants are found to have violated Section s 226 and 1174 of the California Labor Code and any other relevant law for willful failure to provide accurate itemized wage statements to Plaintiff, and failure to maintain said records;

b) Plaintiff is entitled under section 226(e) of the California Labor Code to recover actual damages, or in the alternative, $50 for the initial pay period and $100 for each subsequent pay period in which inadequate records were maintained up to the total of $4,000 per employee. Thus, Plaintiff is entitled to penalties in an amount to proven at trial;

c) That Defendants' violations as described above are found to have been willful and intentional;

d) An award of attorneys' fees.

TWELFTH CAUSE OF ACTION

a) That Defendants are found to have violated Sections 201, 202 and 203 of the California Labor Code for willful failure to pay Plaintiff his full compensation at the time of termination of employment;

b) That Defendants' violations as described above are found to have been willful and intentional;

c) An award to Plaintiff of, without limitation, waiting time penalties pursuant to Section 203 of the California Labor Code, including interest thereon;

d) That Plaintiff be awarded attorney's fees and costs pursuant to sections 218.5 and 194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law.

THIRTEENTH CAUSE OF ACTION

a) That Defendants are found, through their illegal conduct as alleged herein, to have violated section 17200 of the California Business and Professions Code;

b) That Defendants' violations as described above are found to have been willful and intentional;

c) That Defendants be Ordered and enjoined to disgorge all ill-gotten benefits and pay restitution to Plaintiff due to them as a result of Defendants' unlawful activities, pursuant to sections 17200-17208 of the California Business and Professionals Code;

d) That Plaintiff be awarded attorney's fees and costs pursuant to sections 218.5 and 194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law.

Dated: September 26, 2018

MOON & YANG, APC

By: ______________________

Seung Yang
Allen Feghali
Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: September 26, 2018

MOON & YANG, APC

By: ____________

Seung Yang
Allen Feghali
Attorneys for Plaintiff

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Seung Yang (State Bar No. 249857) Allen V. Feghali (State Bar No. 301080)
MOON & YANG, APC.
1055 W. Seventh Street, Suite 1880
Los Angeles, California 90017
TELEPHONE NO.: (213)232-3128 FAX NO.: (213)232-3125
ATTORNEY FOR (Name): Plaintiff, Pablo Mendoza

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County of Los Angeles

SEP 27 2018

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Pablo Mendoza v. Edison Power Constructors, Inc.

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

☐ Counter ☐ Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 723472

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: Thirteen (13)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 26, 2018
Seung Yang
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Pablo Mendoza v. Edison Power Constructors, Inc. | CASE NUMBER BC 728472 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Pablo Mendoza v. Edison Power Constructors, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | (1, 2, 3) |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | (1, 2, 3)<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Pablo Mendoza v. Edison Power Constructors, Inc. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Pablo Mendoza v. Edison Power Constructors, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | 10450 Pioneer Boulevard, Unit 3 |
| CITY: Santa Fe Springs | STATE: CA | ZIP CODE: 90670 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: September 26, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

SEP 27 2018

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

# NOTICE OF CASE ASSIGNMENT

## UNLIMITED CIVIL CASE - IC

CASE NUMBER: BC723472

Your case is assigned for all purposes to the judicial officer indicated below.

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| | Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| | Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| | Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| | Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| | Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on SEP 27 2018
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By ______, Deputy Clerk

INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

LACBA

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

ASCDC

Southern California
Defense Counsel

abtl

Association of
Business Trial Lawyers

CELA

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION – DISCOVERY RESOLUTION | | CASE NUMBER: |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

Date:

____________________ ➤ ____________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION – EARLY ORGANIZATIONAL MEETING | | CASE NUMBER: |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________ (INSERT DATE) for the complaint, and ____________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR PLAINTIFF)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR ____________)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR ____________)

Date:

____________ (TYPE OR PRINT NAME) ➤ ____________ (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION AND ORDER – MOTIONS IN LIMINE | | CASE NUMBER: |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

The following parties stipulate:

| | |
| --- | --- |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR PLAINTIFF) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR DEFENDANT) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR DEFENDANT) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR DEFENDANT) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR ____________) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR ____________) |
| Date: | |
| (TYPE OR PRINT NAME) | ➤ (ATTORNEY FOR ____________) |

**THE COURT SO ORDERS.**

Date: ____________________

____________________
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

Advantages of ADR

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

Disadvantages of ADR - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- Arbitration

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- Mandatory Settlement Conference (MSC)

  Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995